IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM S. DEDMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-0436 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Before the Court is Plaintiff William Dedmon's Motion for Judgment on the Administrative Record (Doc. No. 15) and supporting memorandum (Doc. No. 16) seeking judicial review of the Commissioner's denial of his claim for Supplemental Security Income ("SSI"). For the reasons explained below, the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, the Plaintiff's motion will be denied, the Commissioner's decision affirmed, and this matter dismissed.

I.    INTRODUCTION

The Plaintiff filed his first application for SSI on August 26, 1998. (*See* Doc. No. 13, Certified Transcript of Administrative Record ("TR"), at 62-76.) After his claim was denied, the Plaintiff filed a second application for SSI benefits on July 26, 2000 (TR 108-10) which was denied initially (TR 77-78, 81-84), and again upon reconsideration (TR 79-80, 87-88) by ALJ Edison.

On February 6, 2003, the Plaintiff filed a timely request for Appeals Council review (TR 49). While that application was pending, Plaintiff filed a third SSI application on June 24, 2003 (TR 782-85). On October 27, 2004, the Appeals Council granted Plaintiff's request for a review, finding that a written report from a new Vocational Expert ("VE") constituted new, material evidence (TR 765-69).

On March 13, 2006, ALJ Haynes issued his decision that, beginning as of November 15, 2004, the Plaintiff qualified for disability (TR 17-23). The Appeals Council denied review on February 15, 2007 (TR 5-7). Thereafter the ALJ's decision became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II.     THE FACTUAL RECORD

### A.     Background

Plaintiff was born November 15, 1949, and was fifty years old ("closely approaching advanced age") when the current SSI application was filed on July 26, 2000 (TR 108-10), and had reached fifty-five years old ("advanced age") on November 15, 2004, when he became eligible for SSI benefits (TR 16). *See* 20 C.F.R. §§ 404.1563, 404.1564, and 404.1565 (classifying individuals according to their age, education and work experience).  Plaintiff possesses only a high-school education and has no relevant work experience (TR 22).  20 C.F.R. § 404.1565(a)(3).  Plaintiff is 5-feet 10-inches tall, and weighs 280 pounds (TR 1106).

### B.     Plaintiff's Testimony

Plaintiff alleges disability beginning January 1, 1979, stemming from problems with his right wrist, arthritis in the knees back, ankles, and feet; Plaintiff also claims non-physical disabilities of depression and personality disorder (TR 15, 80).  Plaintiff also testified at his hearing in August of 2002 that he assisted his then seventy-two-year-old mother around the house, took out the garbage and helped her with yard work (TR 1120).  Plaintiff, by his own testimony, possessed a driver's license, but did not drive because of problems of access to a vehicle and money for fuel (TR 1120).  Plaintiff, also by his own testimony, was able to walk on average for one-half to one-third of a mile at a time, and sit for approximately two hours at a time (TR 1113).

### C.     The Medical Evidence

Plaintiff has conceded that substantial evidence supported the ALJ's finding that the Plaintiff, "at all relevant times," had the residual functional capacity ("RFC") for light work which permitted an at-will sit/stand option, did not require a significant amount of public contact, and did not require use of the dominant right hand for repetitive gripping and grasping (Plaintiff's Motion at 4).  The only issue presented here is whether the ALJ erred in applying Grid Rule 202.13 to direct a finding of not disabled rather than relying on Grid Rule 201.12 to direct a finding of disabled for the period prior to November 15, 2004 (*Id.* at 6).  Since the Plaintiff's residual functional capacity has been stipulated to by both parties and is therefore not at issue, an extensive examination of the voluminous-medical evidence is not necessary for this Court to reach its holding.

**III.      THE ALJ'S March 13, 2006 DECISION**

Based on his review of the entire record, ALJ Robert C. Haynes concluded that the claimant was not under a disability, at any time before November 15, 2004, but has been disabled since that date; furthermore, ALJ Haynes made the following findings in the written opinion issued on March 13, 2006:

1.      The claimant had not engaged in substantial gainful activity since July 26, 2000, the date of the application filing.

2.      The claimant has "severe" impairments including: sleep apnea, coronary artery disease, obesity, post-traumatic arthritis in the spine, knees, left ankle and right wrist, lumbar spinal disc disease, and depression with an antisocial personality disorder.

3.      The claimant's impairments considered individually and in combination, have not met or equaled in severity any impairment set forth at 20 CFR Part 404, Appendix 1, Subpart P, Appendix One.

4.      The claimant's subjective allegations of disabling pain and functional limitations are not credible to establish onset of disability before November 15, 2004; however, they are credible and consistent with disability since that date.

5.      The claimant retained the residual functional capacity to perform the limited range of light work specified in the rationale of the decision at all relevant times at least through November 14, 2004, and has not since experience medical improvement.

6.      The claimant has no past relevant work and, thus, no transferable skills..

7.      The claimant was of approaching advanced age (50-54 years old) from the application filing date, July 26, 2000, through November 14, 2004.  He reached 55 and advanced age on November 15, 2004.

8.      The claimant has a high school equivalency education.

9.      The claimant's residual functional capacity for, at most, light work, considered in combination with his education and work experience, results in a directed conclusion of "disabled" since he reached advanced age on November 15, 2004, pursuant to Rule 202.04 of Appendix Two through Subpart P, 20 CFR Part 404.

10.     If the claimant could have performed the full range of light work before November 15, 2004, considering his then approaching advanced age, education and work experience, a directed conclusion of "not disabled" would result under Rule 202.13 of Appendix Two to Subpart P, 20 CFR Part 404.

11.     Although the claimant's additional nonexertional limitations did not allow performance of the full range of light work before November 15, 2004, using Rule 202.13 as a framework for decision-making, jobs existed in significant numbers in the national economy that could have been performed.  Examples of such jobs included: inspector; production helper; and machine off-bearer.

12.     The claimant was not under a disability, as defined under the Social Security Act, at any time before November 15, 2004, but has been disabled since that date.

(TR 22.)

IV.     STANDARD OF REVIEW

        A.      Standard of Review

        Under the Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion.  *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).  Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different.  *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantiality is based on the record taken as a whole.  *See Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).  When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration.  *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

        B.      Evaluation of Entitlement to Social Security Benefits

        Under the Social Security Act (the "Act"), a claimant is entitled to receive benefits only if he is deemed "disabled."  42 U.S.C. § 423(d)(1)(A).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); Disability means that a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy."  42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Secretary has promulgated regulations setting forth a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *Id.* The Sixth Circuit has summarized the steps as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternate jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## V.    ANALYSIS AND DISCUSSION

In the "Statement of Errors" section of his Motion for Judgment on the Administrative Record, Plaintiff points to only one alleged error by the Commissioner: that the Commissioner erred by relying on the framework of Grid Rule 202.13 to direct a finding of not disabled rather than relying upon the framework of Grid Rule 201.12 to direct a finding of disabled for the period of July 26, 2000 through November 14, 2004. As mentioned above, the parties have both stipulated to the ALJ's finding that the Plaintiff at all relevant times had the residual functional capacity ("RFC") for light work which permitted an at-will sit/stand option, did not require a significant amount of public contact, and did not require use of the dominant right hand for repetitive gripping and grasping. Consequently, this Court will consider only whether the ALJ acted correctly in applying the framework of Grid Rule 202.13 along with the testimony by the VE to the Plaintiff's claim.

**A. Whether the ALJ Erred in Applying Grid 202.13 to Direct a Finding of Not Disabled**

According to Grid Rule 201.12, a finding of "disabled" is directed where the claimant is an individual approaching advanced age who is limited to sedentary work and has a high-school education without transferable job skills. 20 C.F.R. pt. 404, Subpart P. App. 2. According to Grid Rule 202.13, a finding of "not disabled" is directed where the claimant is an individual approaching advanced age who is limited to light work and has high-school education without transferable job skills. *Id.* In this case, the ALJ considered, but was not "directed by", the framework of Grid 202.13 in tandem with the testimony of the VE, where such testimony by the VE indicated that the Plaintiff, though not fitting squarely into the confines of 202.13, was possessed of an RFC more similar to that of 202.13 than 201.12 because he was capable of performing light work, albeit a limited range of light work (TR 20-21).

The Plaintiff asserts that the ALJ erred in applying Grid Rule 202.13 to direct a finding of "not disabled" rather than relying on Grid Rule 201.12 to direct a finding of "disabled." In sum, the Plaintiff maintains that, even when the grid does not mandate or "direct" a specific finding of disability because the claimant's alleged disabilities do not fit within the contours of the grid's requirements, the ALJ should nevertheless rely on the grid rule which most closely matches the number of available jobs to guide his decision-making. In furtherance of this argument, the Plaintiff denigrates the reliability of VE testimony generally, and lauds the public-policy goals of consistency which undergird the grid framework. However, for the following reasons, Plaintiff's argument before this Court is ultimately unavailing.

The Sixth Circuit has expressly stated that the grids are "only a short cut that eliminate[s] the need for calling in vocational experts" and that assuming that the "grids determine disability or non-disability . . . is misleading if not actually erroneous." *Hurt v. Sec'y of Health & Human Servs.*, 816 F.2d 1141, 1142-43 (6th Cir. 1987). Moreover, the Sixth Circuit has consistently maintained that it is proper for an ALJ to "rely upon the framework of the grid rules and the testimony of a vocational expert in denying benefits" in Social Security cases. *Wright v. Massanari*, 321 F.3d 611, 615-16 (6th 2003); *see also Braden v. Sec. of Health & Human Svcs.*, 1990 U.S. App. LEXIS 20124, No. 90-3028 (6th Cir. Nov. 14, 1990) (affirming the ALJ's decision where grids were used as a framework for decision-making and the ALJ relied on vocational expert testimony in finding that two occupations totaling 4,000 jobs in the regional economy provided a significant number of jobs).

The idea that the ALJ must base his disability decision on the number of available jobs which most closely match an otherwise inapplicable grid rule "has not . . . been endorsed by the courts" (Def.'s Resp. at 9 (citing TR at 1171)) and this Court declines to usurp what must ultimately be a legislative decision. If the legislature desires that the ALJs rely exclusively or primarily upon the grids to the exclusion or derogation of testimony by VEs, then this Court would be so bound; however, in absence of such a mandate, given the mutual stipulation of the parties to the Plaintiffs RFC, and finding no infirmities in the hypothetical posed to the VE predicated upon such RFC (TR at 1153-64), this Court hereby finds that the ALJ's decision denying the Plaintiff disability benefits prior to November 15, 2004, was based on substantial evidence. The ALJ's decision denying benefits during said period will therefore be affirmed.

     **B.**    **Whether the ALJ's Determination that a Sufficient Number of Jobs Existed in the Economy was Reasonable.**

The Sixth Circuit does not require that the VE determine with any specificity the exact number of jobs available to the claimant, nor does it place any significance on the percentage of jobs identified by the VE in the local economy. *See Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1175 (6th Cir. 1990) (holding that common sense supported the Secretary's finding that a significant number of part-time jobs existed which the claimant could perform, even where the VE could not estimate the number of part-time jobs); *Hall v. Bowen*, 837 F.2d 272, 274-75 (6th Cir. 1988) (disaffirming prior statements by the Sixth Circuit which seemed to require that a certain percentage of the jobs identified by the VE existed in the claimant's local economy). Furthermore, the Sixth Circuit has found a sufficient number of jobs to have existed where only 500 or 1,300 were available. *Hall*, 837 F.2d at 275; *Born*, 923 F.2d at 274-75. Both of these figures are significantly lower than even the Plaintiff's claim of 2,290 available jobs.

**VI.**    **CONCLUSION**

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching his conclusion, and his decision is supported by substantial evidence in the record. An appropriate order denying Plaintiff's motion for judgment will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge